UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVE H. MAZAK,

    Plaintiff,

v.                                                                                        Case No: 5:22-cv-219-WFJ-PRL

DANIEL ELIAS,

    Defendants.

## ORDER

Plaintiff, *pro se,* is proceeding on his Amended Civil Rights Complaint filed under 42 U.S.C. § 1983. (Doc. 15). On February 23, 2023, a Stipulation for Dismissal with Prejudice of All Claims Against Defendant Donald Wayne Fender was signed by Plaintiff and Mr. Fender's counsel. *See* Doc. 34-1 at 1–2. On March 24, 2023, the Stipulation was filed with the Court. (Doc. 34). On May 5, 2023, the Court entered an Order adopting the stipulation and dismissed Defendant Donald Fender with prejudice. (Doc. 39). Later that day, the Clerk's Office received Plaintiff's "Notice of Voluntary Dismissal of Stipulation for Dismissal with Prejudice of all Claims Against Defendant Donald Wayne Fender." (Doc. 40). Under the mailbox rule[1], this notice was filed on May 1, 2023. The Notice purports to withdraw his prior stipulation but

---

[1] Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see* Fed. R. App. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.")

offers no reason or basis to do so. *See* Doc. 40.

Now pending before the Court is Plaintiff's "Objections to Ruling or Order" wherein he "requests that the Court reconsider its prior order dismissing Defendant Fender from this case" because he claims he "was tricked into agreeing to the stipulation by Defendant's counsel…" (Doc. 46 at 1–3). In response to the allegations, Defendant provided a copy of Plaintiff's deposition, wherein Plaintiff agreed that Defendant Fender didn't have a place in this lawsuit and agreed to withdraw Defendant Fender from the case. *See* Doc. 52-1 at 5–6. On February 15, 2023, counsel sent Plaintiff a copy of the Stipulation, with the following instructions, "If you are in agreement with the Stipulation, please sign it and return it to me in the enclosed self-addressed, stamped envelope and I will file it with the court." (Doc. 52-2 at 1). On February 23, 2023, Plaintiff signed the Stipulation. (Doc. 34-1 at 1–2). Accordingly, Plaintiff's allegations of "trickery" are clearly refuted and are without merit. Plaintiff has failed to present any basis for reconsidering the Order adopting the stipulated dismissal of Defendant Fender.

## CONCLUSION

Plaintiff's Objections to Ruling or Order (Doc. 46) are overruled, and the requested relief is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:** Pro Se Party and Counsel of Record