# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

STEVE HENRY MAZAK,

      Plaintiff,

v.                                Case No. 5:22-cv-00219-WFJ-PRL

DANIEL DAVID ELIAS,

      Defendant.

_____/

## <u>ORDER</u>

This matter comes before the Court on Daniel Elias's ("Defendant") Motion for Summary Judgment (Dkt. 57). Although the Court granted him an extension of time, Steve Mazak ("Plaintiff") did not file a Response. After careful consideration, the Court grants Defendant's Motion for Summary Judgment.

## BACKGROUND

While incarcerated in the Sumter County Detention Center, Plaintiff filed the instant § 1983 Complaint for "malicious and false arrest." Dkt. 1 at 7. The Court will construe the Complaint as alleging malicious prosecution.[1]

---

[1] *See Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995) (explaining that courts should construe pro se complaints liberally). Defendant interpreted the Complaint as containing two claims: malicious prosecution and false arrest. Dkt. 57 at 1. However, Plaintiff's ultimate arrest was based on a warrant. Dkt. 57 at 4. Therefore, his only viable claim is for malicious prosecution. *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest").

The events forming the basis of Plaintiff's grievance occurred on August 9, 2018. Dkt. 57 at 2. Just after midnight, Defendant, then a Sumter County Sheriff's Office Deputy, was on duty when he observed a White Ford F-150 driving in Webster, Florida. *Id.* The lights of Defendant's patrol car illuminated the interior of the vehicle, and Defendant identified the driver as Plaintiff. *Id.* at 3. Defendant was familiar with Plaintiff's physical appearance, knew that he drove a white F-150, and believed him to have a suspended driver's license and multiple active warrants. *Id.* at 2–3, 11–12.

Defendant turned on his patrol car's lights and sirens and began following the F-150, which sped up and executed a U-turn. *Id.* at 3. Eventually, the F-150 turned into a wooded area, at which point Defendant terminated the chase. *Id.* Defendant wrote a report and issued citations for eluding / fleeing and driving with license suspended. *Id.* These filings were used to obtain a warrant for Plaintiff's arrest. *Id.* at 3–4. Plaintiff was arrested several weeks later on other charges, at which time the warrant based on Defendant's filings was served as well. *Id.* at 4.

Plaintiff argues that he could not have been the driver of the white F-150 in question. *Id.* at 6. He gives multiple reasons for this, including that he was in bed asleep on the night in question, that his white F-150 was in the shop at the time, and

2

that his license plate was seized by the Venice Police Department one month prior.[2] *Id.* at 6, 14.

Defendant filed his Motion for Summary Judgment on July 5, 2023. Dkt. 57. On August 28, 2023, Plaintiff filed a Motion for Extension of Time to file a Response (Dkt. 60). The Court granted an extension until September 26, 2023, Dkt. 61, but Plaintiff never filed a Response.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the lawsuit under the governing law. *Id.*

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136

---

[2] The Court agrees with Defendant that it is immaterial whether Plaintiff was actually the driver of the white F-150 in question. *See id.* at 10. The undisputed facts recounted in the above paragraphs are sufficient to resolve this matter on summary judgment.

(11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Electric Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted).

If the nonmoving party fails to respond entirely, the district court may not grant summary judgment by default. *U.S. v. One Piece of Real Prop.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Instead, it must address the merits of the motion after a review of the cited evidentiary materials. *Id.* at 1101-02. After this review, a court may grant summary judgment if it determines that the moving party has established a right to relief as a matter of law and that no genuine dispute of material fact exists. *Id.*

## DISCUSSION

Defendant seeks summary judgment on his affirmative defense of qualified immunity. Dkt. 57 at 18–23. The doctrine of qualified immunity protects agents of

the government "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To be entitled to qualified immunity, Defendant must first establish that he was acting under discretionary authority—that the actions he undertook were of the type that fell within his job responsibilities. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Upon this showing, the burden shifts to Plaintiff to show that: (1) Defendant violated his constitutional rights; and (2) the rights violated were clearly established at the time of Defendant's alleged misconduct. *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). Plaintiff must satisfy both requirements. *Id.*

Here, the undisputed facts show that Defendant has met his burden. When he pursued the white F-150 and wrote his subsequent report and citations, Defendant was clearly acting within his discretionary authority as an on-duty sheriff's deputy. *See Wood v. Kesler*, 323 F.3d 872, 877 (11th Cir. 2003) (state trooper acted within his discretionary authority when conducting a traffic stop and issuing a citation). Thus, the burden shifts to Plaintiff to show that Defendant violated a clearly established constitutional right. Based on the undisputed facts, Plaintiff cannot meet this burden.

The Supreme Court has recognized § 1983 Fourth Amendment claims based on malicious prosecution. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). These claims require that the criminal prosecution: (1) be "instituted without any probable cause"; (2) be "for a purpose other than bringing the defendant to justice"; and (3) terminate favorably. *Id.* at 44. Here, Plaintiff fails to establish the first two elements.

To be protected by qualified immunity, an officer need not have actual probable cause; "arguable" probable cause is sufficient. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed[.]" *Id.* (quotation omitted). In the instant case, the inquiry is whether Defendant's identification of the driver as Plaintiff was reasonable, even if mistaken. *Rushing v. Parker*, 599 F.3d 1263, 1267 (11th Cir. 2010). This issue "must be viewed in light of the totality of the circumstances." *Id.*

Given the totality of the circumstances, it was reasonable for Defendant to identify the white F-150 driver as Plaintiff. Defendant was familiar with Plaintiff's appearance, knew he drove a white F-150, was aware of Plaintiff's habit of driving on a suspended license, and knew Plaintiff had an outstanding warrant. Dkt. 57 at 22. A reasonable officer in the same circumstances, possessing the same knowledge, could have identified the driver as Plaintiff, pursued him, and cited him. Thus, the

first element of Plaintiff's malicious prosecution claim—"instituted without any probable cause"—fails. *Thompson*, 596 U.S. at 42.

Even if the Court were to find that Defendant lacked arguable probable cause (which he did not), it would still hold the malicious prosecution claim deficient because there is absolutely no evidence that Defendant pursued Plaintiff and cited him for "a purpose other than bringing [Plaintiff] to justice." *Id.* Plaintiff alleges in deposition testimony that Defendant acted with malice because Defendant allegedly lied in a deposition for a separate case. Dkt. 59-6 at 88–91. To support this allegation, Plaintiff states that Defendant was stuck in a ditch on August 9 and that the Sumter County Sheriff's Office habitually lies to obtain arrest warrants against him. *Id.* at 90.

A party opposing a motion for summary judgment must rely on more than conclusory allegations, denials, or statements unsupported by facts. *Gonzalez v. Lee Cnty.*, 161 F.3d 1290, 1294 (11th Cir. 1998). Summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof. See *Celotex Corp.*, 477 U.S. at 322. Plaintiff cannot rely on the conclusory allegations in his deposition. Plaintiff has the burden of proof on his malicious prosecution claim, and he fails to make a factually-supported showing that the second element of that cause of action is met.

Because Plaintiff fails to make an adequate showing that his constitutional rights were violated, the Court need not determine whether the rights in question were clearly established. Defendant is entitled to qualified immunity from suit.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Dkt. 57) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff, terminate all pending deadlines, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 6, 2023.


*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Pro Se Party
Counsel of Record

8